## J. G. DITMAN v. ROBERT BUIST, JR.
## J. G. DITMAN v. HISTORICAL PUBLISHING CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADEL-
PHIA COUNTY.

Argued April 9, 1889—Decided April 22, 1889.

Where, under an arrangement between the sheriff and garnishees, print-
ing is done for the latter in the defendant's printing house while in the
sheriff's possession under an execution, and the sheriff is paid the price
charged and applies it to the writs in his hands, the garnishees are not
liable therefor to the attaching creditor.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and
McCOLLUM, JJ.

Nos. 199, 200 January Term 1889, Sup. Ct.; court below,
No. 227 December Term 1887, C. P. No. 2.

On January 19, 1888, J. G. Ditman obtained judgment
against J. F. Dickson, doing business as J. F. Dickson & Co.,
for $2,100, and on the same day issued an execution upon
which, and a prior writ, the defendant's printing establishment
was taken possession of by the sheriff. The same day Ditman
caused an execution attachment to be issued upon his judgment,
and served, summoning Robert Buist, Jr., and the Historical
Publishing Company as garnishees.

To interrogatories filed Buist made answer that at the time
of the service of the attachment he was indebted to the defend-
ant in the sum of $25.70, and no further. The publishing
company was not then indebted to the defendant.

At the trials of the attachment proceedings subsequently,
under pleas of nulla bona, it was made to appear that at the
time of the seizure of the establishment, both Buist and the
publishing company had jobs of work in the hands of the exe-
cution defendant to be printed or manufactured, and they each
made an arrangement with the sheriff by which the work for
each was completed in the establishment and the prices of the
work, $387.75 on the Buist job, and $171.90 on the publishing

company's job, less the workmen's wages, were paid to the sheriff, who appropriated the money to the writ in his hands prior to that of Ditman.

Under these facts the court, HARE, P. J., charged the jury, in substance, that if there was an arrangement between the sheriff and the garnishees under which printing was to be done for them in the defendant's printing office, while it was in the sheriff's possession, and by the men in his employ, and that the price should be paid to the sheriff and appropriated partially to paying the workmen, and the balance to the writs in his hands, and that the price was so paid, the contract was with the sheriff and not with the defendant, and as the garnishees owed nothing to the defendant they cannot be required to pay the attaching creditor what he has already paid the sheriff.

The jury returned verdicts in favor of the garnishees upon the contested matters. Rules for new trials having been discharged, judgments were entered on the verdicts when the plaintiff in the attachments took these writs, assigning the instructions to the jury as error. The cases were argued together in this court.

*Mr. Charles Lex Smyth*, for the plaintiff in error:

Payment having been made after the date of the attachment served, the garnishee took the risk upon himself which he might have avoided by causing the fund to be paid into court. The debt being a debt earned by Dickson after the service, was bound by the attachment: Sheetz v. Hobensack, 20 Pa. 412; Mahon v. Kunkle, 50 Pa. 216; Franklin F. Ins. Co. v. West, 8 W. & S. 350; Rudy v. Commonwealth, 35 Pa. 166; Fithian v. Railroad Co., 31 Pa. 114; Ege v. Koontz, 3 Pa. 109; Winternitz's App., 40 Pa. 490; Mitchell v. Stiles, 13 Pa. 307; Fretz v. Heller, 2 W. & S. 397; Lytle v. Mehaffy, 8 W. 275.

No appearance for the defendants in error.

DITMAN V. BUIST.

PER CURIAM:

We find no error in the charge of the court below as embraced in the specifications of error. If, as the jury have found, the printing was done under a contract between the garnishee

and the sheriff, whilst Dickson's establishment was in the possession of the sheriff under an execution, there was no contract between Buist and Dickson, there was nothing due from the former to the latter, and there was nothing to attach in the hands of Buist. The case does not need elaboration.

Judgment affirmed.

## DITMAN V. PUBLISHING CO.

PER CURIAM:

This case is ruled by Ditman v. Buist, garnishee, just decided.

Judgment affirmed.